IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 2:25-cr-142 |
| ) | |
| v.  ) | 21 U.S.C. § 846 |
| ) | Conspiracy to Manufacture, Distribute, or |
| WILLIAM D. MARTIN, ) | Possess with Intent to Manufacture or |
| ) | Distribute Cocaine Hydrochloride and |
| and ) | Cocaine Base |
| ) | (Count 1) |
| JAQUAN JOHNSON, ) | |
| ) | 18 U.S.C. § 924(d); 21 U.S.C. § 853 |
| Defendants. ) | 28 U.S.C. § 2461(c) |
| | Criminal Forfeiture |

**CRIMINAL INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE

From in or around March of 2025 and continuing until on or about April 2025, in Norfolk, Virginia, within the Eastern District of Virginia, the defendants, WILLIAM D. MARTIN and JAQUAN JOHNSON, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons both known and unknown to commit the following offenses:

1. To knowingly and intentionally manufacture, distribute, or possess with intent to manufacture or distribute a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

2. To knowingly and intentionally manufacture, distribute, or possess with intent to manufacture or distribute a quantity of a mixture and substance containing a detectable amount of

cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

(All in violation of Title 21, United States Code, Section 846).

## CRIMINAL FORFEITURE

1.  The defendant, if convicted of Count One of this Information, as part of the sentencing, pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853, shall forfeit to the United States:

    a.  Any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation;

    b.  Any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation; and,

2.  The defendant, if convicted of Count One of this Information, shall forfeit to the United States any firearm or ammunition used in or involved in the violation.

3.  If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(All in accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c).)

*United States v. William D. Martin and Jaquan Johnson*, 2:25-cr-142

LINDSEY HALLIGAN
UNITED STATES ATTORNEY AND SPECIAL ATTORNEY

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

ROBERT K. MCBRIDE
FIRST ASSISTANT UNITED STATES ATTORNEY

By: _____
Kelly A. Cournoyer
Special Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address: kelly.cournoyer2@usdoj.gov